# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

------------------------------------------------------------

HALO INTERNATIONAL SEZC LTD.   :      CASE NUMBER: 3:15-CV-00581-RNC

                                              :

v.                                          :

                                              :

ACCOUNTING RESOURCES, INC.   :      JUNE 9, 2015

------------------------------------------------------------

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, Accounting Resources, Inc., herein submits its answer and affirmative defenses to the complaint of the plaintiff, Halo International, SEZC Ltd, filed with this Court on April 20, 2015 (Document 1).

1.      Defendant admits that Plaintiff has asserted claims for relief captioned as breach of contract and negligence.  Defendant denies the remaining allegations of Paragraph 1.

2.      Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 2 and therefore leaves Plaintiff to its proof.

3.      Defendant admits the allegations of Paragraph 3.

4.      Defendant admits that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Defendant denies the remaining allegations of Paragraph 4.

5.      Defendant admits that it resides in the District of Connecticut.  Defendant denies the remaining allegations of Paragraph 5.

6.      Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 6 and therefore leaves Plaintiff to its proof.

7.      Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 7 and therefore leaves Plaintiff to its proof.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant denies that its "engagement" with the Plaintiff and Halo2Cloud LLC ended in April, 2015.  Defendant admits the remaining allegations of Paragraph 9.

10.     Defendant admits that one of the services it performed was the accounts payable function.  Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant admits that a pro forma is created by a supplier.  Defendant denies the remaining allegations of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14.

15.     Defendant denies the allegations of Paragraph 15.

16.     Defendant denies the allegations of Paragraph 16.

17.     Defendant denies the allegations of Paragraph 17.

18.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 18 and therefore leaves Plaintiff to its proof.

19.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 19.

20.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 20 and therefore leaves Plaintiff to its proof.

21.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 21.

22.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 22 and therefore leaves Plaintiff to its proof.

23.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 23.

24.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 24 and therefore leaves Plaintiff to its proof.

25.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 25.

26.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 26 and therefore leaves Plaintiff to its proof.

27.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 27.

28.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 28 and therefore leaves Plaintiff to its proof.

29.     Defendant admits electronically transmitting instructions to Plaintiff's bank to make the alleged payment.  Defendant denies the remaining allegations of Paragraph 29.

30.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 30 and therefore leaves Plaintiff to its proof.

31.     Defendant denies the allegations of Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32.

33.     Defendant denies the allegations of Paragraph 33.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 35 and therefore leaves Plaintiff to its proof.

36.     Defendant has insufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 36 and therefore leaves Plaintiff to its proof.

37.     Defendant admits that Ray Noeker, Dan Weinstein, and Garold Miller engaged in a telephone conversation on or about January 26, 2015.  Defendant denies the remaining allegations in Paragraph 37.

## First Claim for Relief (Breach of Contract)

38.     Defendant repeats its responses to the allegations in Paragraphs 1 through 37.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

## Second Claim for Relief (Negligence)

42.     Defendant repeats its responses to the allegations in Paragraphs 1 through 37 and 39 through 41.

43.     Defendant does not respond to the allegations of Paragraph 43 which states a legal conclusion.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

## Affirmative Defenses to Count One and Count Two

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because the Court lacks subject matter jurisdiction.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the Plaintiff's failure to join a necessary party, the joinder of which would deprive the Court of subject matter jurisdiction.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

DEFENDANT,
ACCOUNTING RESOURCES, INC.


By:       /s/ Peter R. Reynolds
          Peter R. Reynolds
          Federal Bar Number (ct06535)
          Michael G. Albano
          Federal Bar Number (ct21440)
          Their Attorneys
          MacDermid, Reynolds & Glissman, P.C.
          86 Farmington Avenue
          Hartford, CT 06105
          Tel. (860) 278-1900
          Fax (860) 547-1191
          Email: preynolds@mrglaw.com
                 malbano@mrglaw.com


## CERTIFICATION

I hereby certify that on this 9th day of June 2015, a copy of the foregoing answer and affirmative defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


          /s/ Peter R. Reynolds
          Peter R. Reynolds